**The below described is SIGNED.**

**Dated: November 14, 2005**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| **Alisha Anne Green,** | Bankruptcy Number 03-41664 |
| Debtor. | Chapter 7 |
| | |
| Duane H. Gillman, Chapter 7 Trustee, Plaintiff, | Adversary Proceeding No. 04-02889 |
| v. | Judge: William T. Thurman |
| Alisha Anne Green, | |
| Defendant. | |

### MEMORANDUM DECISION

The matter before the Court is the Plaintiff's complaint against the Debtor, Alisha Green, seeking an order revoking Green's discharge under § 727(d)(3). Trial in this matter was held before the Honorable William T. Thurman, Bankruptcy Judge, on November 9, 2005, in his courtroom in Salt Lake City, Utah. Present were Duane Gillman, the Chapter 7 Trustee in this case, and Alisha Green, the defendant, acting pro se. The Court submits this Memorandum

Decision, which will constitute its findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.[1]

In this case, the Chapter 7 Trustee seeks to revoke Green's discharge because she failed to obey a lawful order of the Court to turn over tax refunds for 2004. The Court determines that 11 U.S.C. 727(a)(6)[2] requires the Trustee to show more than a failure to comply with an order. The Trustee must show that Green wilfully disobeyed the Court's order. The Court determines that the evidence produced at trial does not support a finding that Green wilfully disobeyed the Court's order.

### Jurisdiction and Venue:

Under 28 U.S.C. § 157(b)(2)(J), this Court has jurisdiction to make determinations as to a Debtor's eligibility to receive a discharge. The matter before the court is the Trustee's complaint against Green, seeking a determination that Green's Chapter 7 discharge should be revoked. The Court finds that it has proper jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(J).

Under 28 USC § 1409(a), venue for an adversary proceeding is proper in the court where the underlying bankruptcy case is pending. Green filed bankruptcy in the District of Utah. The Court finds that this is the proper venue for the present adversary proceeding.

### Background:

The following facts are not in dispute. Green filed for chapter 7 bankruptcy protections on December 23, 2003. The creditors' meeting under § 341 was held in her bankruptcy case on

---

[1] Incorporated into the Bankruptcy Code via Bankruptcy Rule 7052.

[2] Unless stated otherwise, all code citations hereinafter are to the Bankruptcy Code.

January 29, 2004. At that meeting, the Trustee issued a directive requiring Green to turn over her State and Federal Tax Returns for 2003. At that time, the Trustee did not direct Green to turn over any tax refunds resulting from her 2003 tax returns. Green complied with the Trustee's directive, and turned over her tax returns for 2003, which showed that Green received tax refunds for 2003 of $3,730.

Green received a discharge in her chapter 7 bankruptcy case on March 30, 2004. On May 11, 2004, the Trustee requested that Green turn over any tax refunds she received for 2003. Green could not comply with this request because by that time, she had recieved the refund and had spent it. On August 4, 2004, this Court entered an Order Directing the Debtor to Turn Over Property of the Estate, requiring Green to turn over to the Trustee tax refunds in the amount of $3,730.

Green did not comply with the Court's order. On October 7, 2004, the Trustee commenced this adversary proceeding, seeking an order revoking Green's discharge under §§ 727(d)(2) and 727(d)(3). At trial, the Trustee withdrew his allegations with respect to § 727(d)(2). The only issue before the Court in this decision is whether Green's discharge should be revoked under § 727(d)(3).

## Analysis:

Section 727(d)(3) of the Bankruptcy Code requires a court to revoke a chapter 7 debtor's discharge if the debtor committed acts specified in § 727(a)(6). Section 727(a)(6) forbids a debtor's discharge if:

> "the debtor has refused, in the case -
> (A)  to obey any lawful order of the court, other than an order to respond to a material question or to testify;"

A plaintiff arguing for the prohibition or revocation of a discharge under this provision must prove his or her case by a preponderance of the evidence.[3] Thus, by the clear language of § 727(a)(6)(A), a plaintiff must show by a preponderance of the evidence that: 1) the Court issued an order directed at the debtor; 2) the order was lawful; 3) the order was not one requiring a response to a material question or to testify; and 4) the debtor refused to obey the order.

The first three of the above elements are not in dispute in this case. The court issued its turn over order on August 4, 2004. There is no dispute as to the order's lawfulness. The order did not require Green to respond to a material question or to testify. The parties dispute the fourth element only - whether the debtor's failure to obey the court's order was a refusal. Specifically, the Trustee argues that the term 'refusal' is synonymous with the word 'failure.'

The Bankruptcy Code does not define the term, 'refusal.' Where a term is not given a special definition in a statute, courts must interpret statutes according to their clear and ordinary meaning.[4] The clear meaning of a term can often be discerned by looking to its dictionary definition.[5] In defining 'refusal' Black's Law dictionary states:

> "In the latter sense, the word [refusal] is often coupled with 'neglect,' as if a party shall 'neglect or refuse' to pay a tax, file an official bond, obey an order of court, etc. But 'neglect' signifies a mere omission of a duty, which may happen through inattention,

---

[3] <u>In re Serafini</u>, 938 F.2d 1156 (10th Cir. 1991).

[4] <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1 (2000).

[5] See <u>BFP v. Resolution Trust Corp.</u>, 511 U.S. 531 (1994)(looking to Black's Law dictionary to define 'market value').

*4*

dilatoriness, mistake, or inability to perform, while 'refusal' implies the positive denial of an application or command, or at least a mental determination not to comply."[6]

The import of this definition is that § 727(a)(6)(A) requires a plaintiff to show more than a mere failure to obey a lawful court order. The plaintiff must show some degree of volition or wilfulness on the part of the debtor in failing to comply with the order. This interpretation was echoed by a recent unpublished opinion issued by the 10th Circuit Court of Appeals. In Martinez v. Los Alamos Nat'l Bank (In re Martinez), the 10th Circuit stated: "[t]he word 'refuse' in the context of § 727(a)(6), 'requires the Court to go further than to simply find that a debtor failed to comply with a discovery request. Rather, it must find that the disobedience was willful or intentional.'"[7] Although this opinion is not binding law[8], the Court finds its conclusion persuasive. The Court determines that a plaintiff attempting to prohibit or revoke a debtor's discharge under § 727(a)(6)(A) must show the court by a preponderance of the evidence that the debtor wilfully or intentionally failed to comply with the court's lawful order.

After considering the evidence and testimony in this case, the Court is not convinced that Green failed to turn over her tax refunds wilfully or intentionally. By the time the Trustee issued his demand for the tax refunds, and the Court issued its order, Green had already spent the money. When she spent the refunds, she had no notice of her obligation to turn them over to the Trustee. Accordingly, the Court determines that the debtor did not 'refuse' to obey a lawful order of the Court.

---

[6] Black's Law Dictionary 1152 (5th ed. 1979).

[7] 126 Fed. Appx. 890 (2005)(quoting D'Agnese v. Cotsibas, 262 B.R. 182, 186 (Bankr. D.N.H. 2001)).

[8] 10th Cir. R. 36.3(A).

**<u>Conclusion:</u>**

Based on the foregoing, the Court finds and concludes that Debtor's chapter 7 discharge should not be revoked. The Court issues judgment in favor of the Defendant. A separate order accompanies this Memorandum Decision.

_____End of Document_____

\_\_\_ooo0ooo\_\_\_

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Duane H. Gillman
MCDOWELL & GILLMAN, P.C.
Twelfth Floor
50 West Broadway
Salt Lake City, UT 84101
801-359-3500

Alisha Anne Green
3247 South 4800 West
West Valley City, UT 84120